UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEAH M. DANIELS,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-WF1 DITECH FINANCIAL LLC, et al.,

    Defendants.

Civil Action No. 23-cv-10313-ADB

## ORDER

BURROUGHS, D.J.

On February 8, 2023, Lean Daniels, proceeding *pro se*, filed a civil complaint [ECF No. 1], motion for a preliminary injunction [ECF No. 2], motion for appointment of counsel, [ECF No. 3], and motion to reinstate a previous case, [ECF No.4]. Defendants responded with a motion to dismiss the complaint. [ECF No. 14]. For the reasons set forth below, the Court DENIES Plaintiff's motions, [ECF Nos. 2–4], and GRANTS Defendants' motion to dismiss, [ECF No. 14].

I.    **Motions to Reinstate and for a Preliminary Injunction**

The case Daniels seeks to reinstate, *Daniels v. U.S. Bank, National Association and Wells Fargo Bank, N.A.*, No. 18-cv-10473-DJC, concerned Defendants' alleged misconduct in conjunction with a "90 Day Right to Cure Your Mortgage Default" letter that Wells Fargo sent to Plaintiff in November 2016 and a mortgage foreclosure sale of Daniels' property that was scheduled for March 18, 2018. Plaintiff, who was represented by counsel at the time, filed a

notice of voluntary dismissal without prejudice on May 2, 2018, after which the case was terminated.[1]

Plaintiff, now proceeding *pro se*, has refiled her complaint from the 2018 action (including references to a foreclosure sale schedule for March 18, 2018). Exhibits filed with the pleading, however, suggest that the impetus for her current filings is an October 25, 2022 "90-Day Right to Cure Your Mortgage Default Letter" to Daniels that represents that she had not made her monthly loan payment that was due on 8/1/2019 or for any month thereafter, [ECF No. 1-1 at 52–55], and allegations (which Daniels denies) that, in October 2022, Daniels threatened a Wells Fargo employee. [ECF No. 1-1 at 57]. In her one-page motion to reinstate, Daniels states: "I am requesting a motion to re-instate [and] [r]e-open this case. Wells Fargo has begun [h]arassing me by making false police reports. Sending strange men to my home threatening to break-in and change locks. I need this situation resolved as soon as possible." [EFC No. 4].

Because there is no indication that the adjudication of the claims that Daniels raised in the 2018 would provide the relief she seeks, the motion to reinstate is DENIED.

Similarly, the motion for a preliminary injunction, in which Plaintiff seeks an order enjoining the foreclosure sale that had been scheduled for March 18, 2018, is DENIED.

II.      **Motion for Appointment of Counsel**

The text of Daniels's motion for appointment reads, in its entirety, as follows:

> I am asking for the court to appoint an attorney for me. A motion for appointment of counsel. I am a service disabled veteran. I have exhausted all monetary options fighting against the injustices of this company. I am David [and] [t]hey are Goliath. I hired an attorney paid them and now they are trying to take my house again. Now they are making false police reports and sending strange men to my home, trying to intimidate me.

---

[1] According to the Defendants, the action was dismissed after Plaintiff voluntarily entered into a Loan Modification Agreement that resolved the default which was the subject of the Right to Cure letter and the scheduled foreclosure. This is corroborated by a publicly available record of the Suffolk County Registry of Deeds that shows that Daniels entered into a modified loan agreement with Wells Fargo in 2019.

[ECF No. 3].

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The appointment of counsel in a non-habeas civil action is only required when a party is indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See id. To determine whether there are exceptional circumstances which require the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. See id. at 24.

Even assuming that Daniels is financially eligible for the appointment of *pro bono* counsel, the Court will not appoint counsel because, at this juncture, no exceptional circumstances exist that would justify the appointment of pro bono counsel. Significantly, there are no allegations in Daniels' recycled 2018 complaint (or the new exhibits attached thereto) that indicate Daniels' present claim concerning Wells Fargo is meritorious. Daniels may renew this motion if and when she files an amended complaint and Defendants have responded to the same.

**III.    Motion to Dismiss**

Defendants move to dismiss the complaint based on the fact that the complaint only references a foreclosure scheduled for 2018 that never took place. To the extent that Daniels wants to contest more recent actions by Defendants, the allegations must be set forth in a complaint that gives Defendants enough notice of her cause of action to allow them to defend against the complaint. This complaint fails to do that. Plaintiff may amend her complaint to state a cognizable claim.

As an amended complaint completely replaces the original complaint, Plaintiff must include her amended complaint any claims (including relevant factual allegations) she wishes to be part of the operative complaint—even those already set forth in her original complaint. See Newman v. Lehman Brothers Holdings, Inc., 901 F.3d 19, 27 n.8 (1st Cir. 2018) ("An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case.") (quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted))). Further, the amended complaint must "state [Plaintiff's] claims . . . each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## IV. Conclusion

For the reasons set forth above, the Court hereby orders:

1. Plaintiff's Motion to Reinstate Case, [ECF No. 4], is DENIED;

2. Plaintiff's Motion for a Preliminary Injunction, [ECF No. 2], is DENIED;

3. Plaintiff's Motion for Appointment of Counsel, [ECF No. 3], is DENIED;

4. Defendants' Motion to Dismiss, [ECF No. 14], is GRANTED; and

5. Plaintiff, within 21 days, may file an amended complaint oriented to recent events.

IT IS SO ORDERED.

April 6, 2023  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE